NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1427
_____

UNITED STATES OF AMERICA

v.

THOMAS HINTON,
                                        Appellant.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 02-cr-769)
District Judge:  Hon. Eduardo C. Robreno

_____

Submitted Under Third Circuit LAR 34.1(a)
July 13, 2010

Before:   RENDELL, JORDAN and GREENAWAY, JR., *Circuit Judges*.

(Filed: July 14, 2010)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Thomas Hinton appeals from the judgment entered by the United States District

Court for the Eastern District of Pennsylvania imposing a sentence of 210 months'

imprisonment following his conviction for possession with intent to distribute cocaine

base, in violation of 21 U.S.C. § 841(a)(1). Hinton argues that the sentence imposed by the District Court is procedurally and substantively unreasonable because the Court failed to properly consider the factors set forth in 18 U.S.C. § 3553(a) when it sentenced him as a career offender under § 4B1.1 of the Sentencing Guidelines. For the following reasons, we will affirm.

## I.    Background

Because we write only for the benefit of the parties, we assume familiarity with the facts of this criminal case and the proceedings in the District Court. On August 5, 2001, Philadelphia police officers received a report that a man, later identified as Hinton, had threatened another man with a firearm. When the police arrived at the scene, Hinton fled. After he was apprehended by the officers, they searched him and discovered that he was carrying thirty-seven packets of crack cocaine. They also found a firearm in the area Hinton had run through before he was caught.

On November 19, 2002, a grand jury in the Eastern District of Pennsylvania returned a three-count indictment charging Hinton with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); possession with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). A jury convicted Hinton of possession with intent to distribute cocaine base, but found him not guilty of the firearm offenses. The District Court sentenced Hinton to 216 months'

2

imprisonment and three years of supervised release, and Hinton appealed. We affirmed the conviction but vacated his sentence and remanded for re-sentencing in accordance with *United States v. Booker*, 543 U.S. 220 (2005), which had been decided during the pendency of Hinton's appeal. *See United States v. Hinton*, 423 F.3d 355, 363 (3d Cir. 2005).

The District Court re-sentenced Hinton on January 30, 2008. The Pre-Sentence Report ("PSR") prepared in advance of sentencing calculated the base offense level as 22 and added two levels to account for specified offense characteristics. The offense level was then increased to 32 because Hinton qualified as a career offender pursuant to § 4B1.1 of the Sentencing Guidelines.[1] Hinton's criminal history was also enhanced from a category V to a category VI because he is a career offender. The advisory Guidelines range would therefore ordinarily be 210 to 262 months of imprisonment. However, because the statutory maximum for a conviction pursuant to 21 U.S.C. § 841(a)(1) is 240 months, the advisory Guidelines range was 210 to 240 months.

---

[1] Pursuant to § 4B1.1(a) of the United States Sentencing Guidelines, "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Hinton does not dispute that he was over eighteen years old when he committed the offense, that his conviction under § 841 is a controlled substance offense, or that he has two prior convictions for crimes of violence. Those crimes of violence were convictions for robbery in 1990 and aggravated assault in 1993. Hinton was also convicted of possessing an instrument of a crime in 1991 and theft and possessing cocaine in 1993.

The parties did not object to the PSR, and the District Court adopted its findings, including the calculation of the advisory Guidelines range as 210 to 240 months of imprisonment and three years of supervised release. Hinton did not object to the Court's calculation of the Guidelines range, but requested a downward departure.[2] The Court denied the motion for a downward departure, explaining that Hinton had a "lengthy criminal history" and, thus, it was "entirely appropriate that he be designated as a career criminal in this case." (App. at 17.) Hinton then requested a variance from the advisory Guidelines range, arguing that the crime involved a small amount of crack cocaine, did not involve an actual sale, and that the federal sentence was significantly higher than the sentence he would receive if he had been prosecuted in state court. He also argued that a sentence under § 2D1.1 – the section of the Guidelines that would have applied, were he not a career offender – would provide adequate deterrence and was sufficient to meet the goals of sentencing. The government opposed Hinton's request for a variance.

The Court declined to impose a sentence below the advisory Guidelines range and sentenced Hinton to 210 months' imprisonment and three years of supervised release, among other penalties.[3] This timely appeal followed.

---

[2] Section 4A1.3(b)(1) of the Sentencing Guidelines states that a downward departure may be warranted "[i]f reliable information indicates that the defendant's criminal history substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes."

[3] The Court also ordered Hinton to pay a fine of $1,000 and a special assessment of $100.

## II.  Discussion[4]

On appeal, Hinton contends that the sentence imposed by the District Court is procedurally and substantively unreasonable because the Court sentenced him pursuant to the Guidelines range for career offenders and failed to adequately consider all of the § 3553(a) factors when sentencing him.

Our precedent requires a district court to undertake three steps when sentencing a defendant.  First, it must correctly calculate the defendant's Guidelines range.  *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006).  Then, the court must rule on any motions for departures under the Guidelines provisions.  *Id.*  Third, it must "exercise [its] discretion by considering the relevant § 3553(a) factors in setting the sentence ... ."  *Id.* (internal brackets, citations, and quotations omitted).[5]

---

[4] The District Court exercised jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

[5] Title 18, Section 3553(a) requires a court to consider the following factors when sentencing a defendant:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

We review the sentencing judgment of the District Court for abuse of discretion, examining the District Court's judgment for procedural error and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). A trial court may commit procedural error during sentencing by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range." *Id.* However, when considering the § 3553(a) factors, a district court "need not make findings as to each factor if the record otherwise makes clear that the court took the factors into account." *United States v. Lessner*, 498 F.3d 185, 203 (3d Cir. 2007).

We consider the totality of the circumstances when reviewing the substantive reasonableness of a sentence. *See United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). "The touchstone of 'reasonableness' is whether the record as a whole

---

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for –

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ...;

(5) any pertinent policy statement ... issued by the Sentencing Commission ...;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

reflects rational and meaningful consideration" of the § 3553(a) factors. *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc).

Hinton does not specifically indicate which of the § 3553(a) factors he believes the District Court failed to adequately consider when sentencing him.[6] In any case, his argument that the District Court failed to give "meaningful consideration to the statutory factors set forth in 18 U.S.C. § 3553(a)" (Appellant's Br. at 14) is not supported by the record. In fact, the transcript of the re-sentencing hearing establishes that the District Court considered Hinton's arguments as to the § 3553(a) factors and applied those factors when determining his sentence.

For example, Hinton argued that § 3553(a)(1), which addresses the nature and circumstances of the offense and the history and characteristics of the defendant, supported a sentence below the Guidelines range because the offense involved approximately 3 grams of crack cocaine and did not involve an actual sale. The Court agreed with Hinton that the offense involved a relatively small amount of crack cocaine but determined that the amount of drugs was not the "central feature" of the sentencing

---

[6] Hinton's brief is not entirely clear as to how he believes the District Court erred when sentencing him. We note that he does not argue that he did not qualify as a career offender under § 4B1.1. To the extent he argues that the District Court abused its discretion by denying his motion for a downward departure, we lack jurisdiction to resolve his claim. Unless it appears that the District Court mistakenly believed that it lacked authority to grant such a departure, "[w]e do not have jurisdiction to review discretionary decisions by district courts to not depart downward." *United States v. Jones*, 566 F.3d 353, 366 (3d Cir. 2009) (quoting *United States v. Vargas*, 477 F.3d 94, 103 (3d Cir. 2007)). Hinton does not argue, and the record does not indicate, that the District Court was operating under such a misapprehension.

because the Court was tasked with determining the "appropriate punishment for a career criminal." (App. at 28-29.) Thus, the Court, taking Hinton's extensive criminal history into account, concluded that § 3553(a)(1) did not support a variance from the Guidelines range and that a substantial sentence was required in this case.

The Court also considered and properly rejected Hinton's argument that a lesser sentence was appropriate because he would have received a lesser sentence if he were prosecuted in state court. *See* 18 U.S.C. § 3553(a)(6); *see also United States v. Clark*, 434 F.3d 684, 687 (4th Cir. 2006) ("The sole concern of section 3553(a)(6) is with sentencing disparities among federal defendants."). The Court noted that the longer federal sentence resulted from Hinton's extensive criminal history. In fact, Hinton agreed with the Court that he probably would have received similar sentences in state and federal court, except that the federal sentencing guidelines reflected a policy choice to punish recidivism more severely.

In addition, the Court explained that it did not believe that Hinton was unlikely to commit future crimes, specifically finding that Hinton "has not been rehabilitated, and that he is a danger to the public." (App. at 28.) The Court noted that its conclusion was bolstered by the fact that Hinton committed the instant offense while he was on probation. Thus, although the Court did not explicitly reject Hinton's argument that his sentence should be lowered because his previous convictions were committed several years prior to

8

the present offense, it is clear that the Court rejected the implications of such an argument – namely that Hinton was rehabilitated and unlikely to commit crimes in the future.

Further addressing the § 3553(a) factors, the Court decided that a "substantial sentence" (App. at 27-28) was necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide adequate deterrence. *See* 18 U.S.C. § 3553(a)(2). The Court also decided that a sentence of 210 months' imprisonment, which was six months shorter than the sentence originally imposed, was appropriate, based on its recognition that Hinton had completed vocational skill classes in prison and had no disciplinary issues while incarcerated. *See id.*

Lastly, the Court considered the advisory Guidelines range and concluded that a sentence of 210 months was "sufficient, but no greater than necessary." (App. at 29.) By so concluding, the Court rejected Hinton's sentencing argument that a lesser sentence under § 2D1.1 was sufficient to meet the requirements of § 3553(a)(2), specifically, "to afford adequate deterrence" and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2).[7]

---

[7] As the Government correctly argues, *United States v. Rios*, No. 02-828-03, 2009 WL 383750 (E.D. Pa. Feb. 9, 2009), and *United States v. Rivera*, 535 F. Supp. 2d 527 (E.D. Pa. 2008), which Hinton cites in his appellate brief, are inapposite. In those cases, the defendants were seeking a reduction of their sentences under 18 U.S.C. § 3582(c)(2). The defendants had been sentenced pursuant to § 4B1.1 of the Sentencing Guidelines but argued that they were eligible for a modification of their sentence after Amendment 706 lowered the base offense levels for cocaine base offenses in § 2D1.1 of the Guidelines. In both *Rios* and *Rivera*, the District Courts rejected these arguments because the defendants were sentenced pursuant to § 4B1.1, not § 2D1.1, and, thus, Amendment 706 did not apply. These decisions do not support Hinton's argument that the District Court failed to

Thus, after reviewing the record, we are unable to find any procedural error in the sentencing proceeding. The District Court properly undertook each of the three steps outlined in *Gunter*, and the transcript of the hearing establishes that the Court considered Hinton's arguments regarding the § 3553(a) factors and carefully applied the § 3553(a) factors when imposing the sentence.

We also conclude that the sentence imposed by the District Court was substantively reasonable. "[I]f the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568. Here, the Court was clearly concerned with punishing and deterring Hinton and deterring other repeat offenders. The amount of drugs involved in the offense and the passage of time between Hinton's previous convictions and the instant offense do not render such concerns unreasonable. Thus, a sentence of 210 months – at the low end of the Guidelines range – was not substantively unreasonable.

## III.    Conclusion

Accordingly, we will affirm the judgment and sentence imposed by the District Court.

---

properly consider the § 3553(a) factors when imposing his sentence.